UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VERNON WILSON,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO. 3:18CV787-PPS/MGG

OPINION AND ORDER

Vernon Wilson, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-05-0265) where a Disciplinary Hearing Officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction (IDOC) offense B-213. (ECF 1 at 1.) As a result, Wilson was sanctioned with a loss of 60 days earned credit time, and imposition of a previously suspended 30-day loss of good-time credit. (ECF 5-5.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in

the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Wilson argues that his due process rights were violated when the hearing officer failed to get statements from three witnesses who would have supported his defense to the charge: Major Nowatzke, Captain Boyan, and Offender Alcanter. The respondent argues that this ground is procedurally defaulted, as Wilson did not raise the argument in his administrative appeals. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b). To have exhausted his administrative remedies, Wilson must have properly grieved the issue within the prison's grievance system. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeal, Wilson did not argue that he was denied the right to present evidence at his hearing. (ECF 5-9.) Nonetheless, on July 2, 2018, Wilson wrote the Executive Assistant indicating that he made an argument that the DHO did not permit him to call his witnesses on the envelope of his appeal, and that he intended it to be part of the appeal. (ECF 5-9.) Without deciding whether the ground is procedurally defaulted, I will address it on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The

2

incident took place on May 6, 2018, and Wilson was screened for the offense on May 22, 2019. During his screening, Wilson had the opportunity to request evidence in his defense. He requested three witnesses: Sgt. D. Smith, Offender Alcantar, and Major Nowatzke. He did not request Captain Boyan, and the record does not demonstrate that he requested Captain Boyan as a witness at any point prior to his hearing. While the witnesses that Wilson requested did not provide live testimony, they each provided a written statement. Sgt. Smith provided a statement indicating that he was not present for and had no knowledge of the incident. (ECF 5-6.) Offender Alcantar wrote a statement indicating that "[he] did not hear what was being said, therefore, [he] can't and won't be a witness." (ECF 5-7.) Major Nowatzke provided a statement indicating that he had no knowledge of the incident and was not present when the incident occurred. (ECF 5-8.) Thus, the refusal to call these witnesses did not directly undermine the reliability of the evidence relied upon to find Wilson guilty, namely, Officer Letson's statement. In other words, there was no due process violation.

To the extent that Wilson is also arguing that there was no evidence to support the finding of guilt, that contention also fails. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke

good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Wilson as follows:

> I ofc. D. letson was checking msu passes when Offender Wilson # 983558 came into MSU with out a pass. I Ofc D Letson informed Wilson #983558 that he needed to have a pass to Enter MSU. Offender Wilson #983558 informed me that I Ofc. D Letson " was a bitch and someone was going to come after me" Offender Wilson #983558 was escorted back to ACH.

(ECF 5-1.) Wilson was subsequently charged and convicted of violating IDOC B-213, which prohibits:

Engaging in any of the following:
1. Communicating to another person an intent to physically harm, harass or intimidate that person or someone else.
2. Communicating an intent to cause damage to or loss of that person's or another person's property.
3. Communicating an intent to intentionally make an accusation that he/she knows is untrue or false.

(ECF 5-12 at 5.)

The DHO had sufficient evidence to find Wilson guilty of this offense. Both the Conduct Report (ECF 5-1) and the Incident Report (ECF 5-2) contained sufficient

4

information to find Wilson guilty. It was not arbitrary for the DHO to conclude that Wilson committed the offense of threatening Officer Letson based on Officer Letson's claim that Wilson said that he "was a bitch and someone was going to come after [him]." (ECF 5-1.) Although Wilson denies that his comment was a threat and instead claims that he indicated he was going to "put [his] boys on him," which is a reference to Major Nowatzke and Captain Boyan (ECF 1 at 4), the DHO was not required to credit his version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, I conclude that the DHO's finding of Wilson's guilt was neither arbitrary nor unreasonable in light of these facts.

Wilson was denied counsel previously (ECF 8), but he filed a second motion seeking appointment of counsel as well as additional time to file a traverse. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (brackets, quotation marks, and citation omitted). As explained previously, this is not a complicated case. A review of the records demonstrates that Wilson understands the facts and has explained why he does not believe he should have been found guilty. He indicates that he needs counsel because he is blind, but he successfully filed his petition and two requests for counsel despite his disability. Furthermore, neither the appointment of counsel nor an

additional extension of time to file a traverse would change the outcome of this case. Accordingly, I will deny the requests for counsel and for additional time to file a traverse.

If Wilson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY, the court:

(1) DENIES Vernon Wilson's request for counsel and request for additional time to file a traverse (ECF 10);

(2) DENIES Vernon Wilson's petition for writ of habeas corpus; and

(3) DIRECTS the clerk to close the case.

SO ORDERED on July 8, 2019.

    /s/ Philip P. Simon  
    JUDGE  
    UNITED STATES DISTRICT COURT